UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEMETRIA B.,<br><br>                 Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Case No. 24-12704<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 11, 13)**

Plaintiff Demetria B. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny her application for disability insurance benefits (DIB) under the Social Security Act. Both parties filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 7; ECF No. 11; ECF No. 13.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the administrative law judge (ALJ) committed reversible error by failing to explain how plaintiff's ulcerative colitis and other gastrointestinal impairments (GI) impacted her residual functional capacity (RFC), and that this failure violated the Appeal Council's instructions in a remand order to discuss the effects of GI disorders on plaintiff's RFC.  ECF No. 11, PageID.1679-1687; ECF No. 14, PageID.1712-1715; *see also* the remand order at ECF No. 6-1, PageID.193-194.  Plaintiff claims that she needs bathroom breaks because of her severe impairment of ulcerative colitis, but the ALJ failed to include bathroom breaks in her RFC.  ECF No. 11, PageID.1683; ECF No. 6-1, PageID.42,

The parties disagree about whether this Court may remand this case based on the ALJ's alleged failure to comply with the remand order.  ECF No. 11, PageID.1682-1684; ECF No. 13, PageID.1698-1699; ECF No. 14, PageID.1712-1713.  That disagreement is reflected in opinions within this circuit.  *See*, *e.g.*, *Kaddo v. Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017) (holding "that the failure by an ALJ to follow a remand order from the Appeals Council, even if that failure is allowed to stand by a

later Appeals Council ruling, can constitute a reversible error in federal court."); *Staten v. Comm'r of Soc. Sec.*, No. 1:22-CV-00260-JPC, 2022 WL 18863825, at *9 (N.D. Ohio Dec. 14, 2022), *adopted,* 2023 WL 2568006 (N.D. Ohio Mar. 20, 2023) ("Most courts in this Circuit, however, have found that federal courts lack jurisdiction to consider the issue.").

The Court need not weigh in on this disagreement because the ALJ followed the Appeals Council's instructions.  And the Court finds that plaintiff has not sustained her burden of showing that she needed a more restrictive RFC.  *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

As required in the remand order, the ALJ discussed evidence to support his conclusion that "restrictions for medium work with postural and environmental limitations adequately accounts for her GI symptoms, including her reports of occasional abdominal pain with diarrhea or constipation."  ECF No. 6-1, PageID.44.  He reviewed the medical records as follows:

> A March 2020 computerized tomography (CT) scan of the claimant's abdomen showed diffuse colitis [*Id.*, 6-1, PageID.918]. The claimant presented with left and right lower quadrant tenderness at times during treatment but also routinely exhibited negative abdominal pain/tenderness, anal bleeding, blood in stool, nausea, rectal pain, or vomiting [*Id.*, PageID.1005, 1010, 1011, 1048, 1158, 1524]. During an April 2020 treatment, the claimant's physician noted all of her

4

>conditions were stable with her current medical regimen [*Id.*, PageID.1080-1082]. In March 2021, the claimant reported she was doing well overall and did not need any medication refills. [*Id.*, PageID.1235]. During a separate treatment with her gastroenterologist in March 2021, the claimant reported experiencing around 5 loose bowel movements per day with small amount of bright red blood but she also denied any abdominal pain [*Id.*, PageID.1157-1159]. In April 2021, the claimant reported she was doing well overall [*Id.*, PageID.1497]. During an August 2021 treatment, the claimant's physician again noted her conditions were controlled with medication (Ex. B16F/57).[2] In June 2023, the claimant reported she had 10 bowel movements per day but also reported she had constipation. On exam, the claimant presented with negative abdominal tenderness and no loss of appetite. [ECF No. 6-1, PageID.1522]. In July 2023, the claimant reported some leg swelling but denied any other concerns and the claimant's physician did not note any GI symptoms. [*Id.*, PageID.1626]. The claimant's physician scheduled the claimant for a colonoscopy for August 2023. [*Id.*, PageID.1523].

*Id.*, PageID.42-43. And in crafting plaintiff's RFC, the ALJ relied on the opinions of state agency medical consultants. *Id.*, PageID.44.

Plaintiff cites evidence that she believes supports a more restrictive RFC. But even if evidence in the record could support a finding that plaintiff was more restricted, substantial evidence supports the ALJ's decision otherwise, so his decision should be affirmed. *Cutlip*, 25 F.3d at 286.

---

[2] The Court could not find this document.

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 11), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 13), and **AFFIRMS** the decision of the Commissioner.

Dated: March 21, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager